UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORREN DARNAI VEGAS

v.    Case No: 16-cv-02951-T-24TBM
          15-cr-00067-T-24TBM

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Torren Darnai Vegas's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Civ. Doc. 1; Crim. Doc. 72. The Government does not oppose the motion. Civ. Doc. 4. As explained below, the motion is **GRANTED**.

On March 12, 2015, a grand jury charged Petitioner with three counts: possession with intent to distribute heroin, cocaine base, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and 841(b)(1)(D) (Count One); possession of a firearm in furtherance of the crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). Crim. Doc. 1. Count Three was based on the crime of carrying a concealed firearm, to which Petitioner pled guilty on September 21, 2007, Case No. 2007CF003290, Manatee County Florida. The state court judge withheld adjudication and placed Vegas on 18 months' probation, which was subsequently terminated on September 5, 2008.

Petitioner pleaded guilty to Counts One and Three, and on October 20, 2015, Petitioner was sentenced to 60 months' imprisonment to run currently as to Count One and Count Three. Petitioner then filed a notice of appeal, but he later moved for and was granted voluntary dismissal of that appeal. *See* Crim. Doc. 63. Petitioner, represented by counsel, timely filed his § 2255

motion on October 18, 2016, arguing he is innocent of the felon-in-possession offense (Count III), because he had no prior felony conviction. The prior felony conviction relied upon by the Government was not a felony conviction because adjudication had been withheld. Civ. Doc. 1 at 4.

The Government does not oppose the § 2255 motion, agreeing with the Eleventh Circuit's decision in *United States v. Clarke*, 822 F.3d 1213, 1214 (11th Cir. 2016), which held that a withhold of adjudication under Florida law does not qualify as a predicate felony conviction for purposes of 18 U.S.C. § 922(g)(1). Civ. Doc. 4 at 1–2; *See also* Clarke, 822 F.3d at 1214–15.

Accordingly, the Court finds that Petitioner's § 2255 motion should be granted. The Court hereby vacates and sets aside the judgment and sentence as to Count Three (felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1)) that was entered against Petitioner. (Crim. Doc. 47). The Clerk is directed to enter judgment in favor of Petitioner and to close the civil case. Additionally, the Clerk is directed to set Torren Darnai Vegas for a re-sentencing. Petitioner Torren Darnai Vegas must be present at the sentencing. The Probation Office is directed to prepare an amended presentence investigation report and disclose to both the Government and Petitioner prior to sentencing.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of December, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
United States Probation Office